# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# AKRON DIVISION

| | |
|---|---|
| BLAKE ROWE, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 5:21-cv-00250 |
| NORTH AMERICAN RECOVERY d/b/a N.A.R., INC., | DEMAND FOR JURY TRIAL |
| Defendant. | |

## COMPLAINT

NOW comes BLAKE ROWE ("Plaintiff"), by and through the undersigned attorney, complaining as to the conduct of NORTH AMERICAN RECOVERY d/b/a N.A.R., INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq*. for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Ohio and a substantial portion of the events that gave rise to this action occurred within the Northern District of Ohio.

**PARTIES**

4. Plaintiff is a consumer over 18 years-of-age.

5. Defendant is a collection agency with is principal office located at 1600 West 2200 South, Suite 410, West Valley City, Utah 84119.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, third-party contractors, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

7. The instant action arises out of Defendant's attempts to collect upon an outstanding automobile debt ("subject debt") that Plaintiff allegedly owed to Solona Credit Union ("Solona").

8. On October 19, 2020, Plaintiff filed a lawsuit against Defendant for alleged violations of the FDCPA when it attempted to collect upon the subject debt. *Blake Rowe v. North American Recovery d/b/a N.A.R., Inc*. *5:20-cv-02377.*

9. Thereafter, around November 18, 2020, Plaintiff and Defendant agreed to settle the case referenced in paragraph 8.

10. Moreover, Defendant acknowledged and was aware that Plaintiff was represented by the undersigned attorney.

11. Nevertheless, after the case referenced in paragraph 8 settled, Defendant began placing collection calls to Plaintiff's cellular phone in order to collect upon the subject debt.

12. Despite being noticed of Plaintiff's representation and acknowledging the representation, Defendant continued to contact Plaintiff.

13. Frustrated and embarrassed over Defendant's conduct, Plaintiff spoke with the undersigned attorney regarding his rights, resulting in exhausting time and resources.

14. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

15. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, embarrassment, aggravation that accompanies collection telephone calls, and emotional distress.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

16. Plaintiff repeats and realleges paragraphs 1 through 15 as though fully set forth herein.

17. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

18. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

19. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

20. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

    **a. Violations of the FDCPA § 1692c**

21. The FDCPA, pursuant to 15 U.S.C. §1692c(a)(2), prohibits a debt collector from communicating with a consumer, "after the debt collector knows the consumer is represented by an attorney with regard to the subject debt and has knowledge of, or can readily ascertain, such attorney's name and address, not communicate with any person other than that attorney, unless the attorney fails to respond within a reasonable period of time to communication from the debt collector."

3

22. Defendant violated §1692c(a)(2) when it repeatedly contacted Plaintiff after it was aware that he was represented by an attorney. Despite acknowledging Plaintiff's legal representation, Defendant chose to continue harassing Plaintiff in order to coerce him into paying the subject debt.

### b. Violations of FDCPA § 1692e

23. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

24. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

25. Defendant violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. Specifically, it was deceptive for Defendant to falsely represent that it could directly contact Plaintiff when the FDCPA prohibits Defendant from knowingly contacting a consumer represented by an attorney. Defendant's conduct only served to worry and confuse Plaintiff.

### c. Violations of FDCPA § 1692f

26. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

27. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on the subject debt by directly communicating with a consumer that is represented by an attorney.

28. As pled above, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, BLAKE ROWE, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: January 29, 2021

Respectfully submitted,

s/ Nathan C. Volheim (Lead Attorney)
Nathan C. Volheim, Esq. #6302103
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 568-3056 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com